UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HART,

Plaintiff,

v.

RUSSELL SINGLETON, et al.,

Defendants.

Case No. 26-cv-04495-KAW

**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; SCREENING ORDER REVIEWING PLAINTIFF'S COMPLAINT**

Re: Dkt. Nos. 1, 4

On May 13, 2026, Plaintiff Eugene Hart filed this civil action and application to proceed *in forma pauperis*. Having considered the application, the Court GRANTS Plaintiff's application to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, concludes that the operative complaint is deficient.

## I.    LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the

defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II.    DISCUSSION

Plaintiff fails to state a viable claim.  Plaintiff appears to be suing Defendant Rust Consulting because it was the administrator in a class action settlement.  (Compl. at 3-4.)  Plaintiff asserts that he did not give permission for Defendant Rust Consulting to administer a settlement on his behalf, and that Defendant Rust Consulting's handling of payments for customers unlawful. (Compl. at 4.)  Based on that, Plaintiff brings a claim for violation of the "Rule of Law," and complains that the class action settlement claim form failed to include "Jr." in Plaintiff's name. (Compl. at 5.)  Plaintiff also brings a fraud claim based on general complaints about the amount of the settlement.  (Compl. at 6.)  These allegations are not sufficient to state a claim; there is no information identifying the class action at issue, nor is it apparent to the Court that a claim can be made solely based on the fact that Defendant Rust Consulting administered the class action settlement.  Rather, if Plaintiff is in fact part of a class action, he would be represented by class counsel, who would be responsible for negotiating any settlement.  Thus, Plaintiff fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure.

The Court observes that Plaintiff has filed over thirty cases in this district, none of which appear to have any merit.

## III.    CONCLUSION

For the reasons set forth above, the allegations in Plaintiff's complaint are insufficient under 28 U.S.C. § 1915(e)(2).  Thus, Plaintiff must clearly provide a basis for federal jurisdiction

United States District Court
Northern District of California

in this case.  Further, Plaintiff must identify the legal and factual basis for all claims, and must do so by filing an amended complaint by **July 16, 2026**.  If Plaintiff fails to file an amended complaint by that date, or the amended complaint fails to cure all defects, the case will be reassigned to a district judge with the report and recommendation that either the complaint be dismissed in whole or in part or the case be dismissed in its entirety.

In amending the complaint, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982 to make an appointment. While the Help Desk does not provide legal representation, a licensed attorney may assist Plaintiff in determining whether there are viable claims, and how to properly plead them.

Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case.  This manual, and other free information for pro se litigants, is available online at: https://cand.uscourts.gov/pro-se-litigants/.

IT IS SO ORDERED.

Dated: June 18, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

3